FILED
SUPERIOR COURT
OF GUAM

2020 DEC 16 PM 3: 30

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,** | ) **Criminal Case No. CF0122-19** |
| | ) GPD Report Nos. 19-05816 / 19-05040 |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **DECISION AND ORDER** |
| | ) **DENYING DEFENDANT'S** |
| **FRANK JOSEPH SALAS GUZMAN,** | ) **MOTION TO SUPPRESS** |
| DOB: 09/11/1991 | ) |
| | ) |
| Defendant. | ) |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on November 13, 2020 for hearing on Defendant Frank Joseph Salas Guzman's ("Defendant's") Motion to Suppress. Defendant appeared with Counsel John Terlaje. The People were represented by Assistant Attorney General Sean E. Brown. After considering the arguments, the testimony of the parties, and the applicable law, the Court now issues this Decision and Order and **DENIES** Defendant's Motion to Suppress.

## BACKGROUND

On March 11, 2019, a grand jury returned an Indictment against the Defendant charging him with: **Aggravated Murder (As a First Degree Felony)** with the Special Allegations: Use of a Deadly Weapon in the Commission of a Felony and Vulnerable Victim; **First Degree Robbery (As a First Degree Felony)** with the Special Allegations: Use of a Deadly Weapon in

the Commission of a Felony and Vulnerable Victim; **Aggravated Assault (As a Second Degree Felony)** with the Special Allegations: Use of a Deadly Weapon in the Commission of a Felony and Vulnerable Victim; **Theft of a Motor Vehicle (As a Second Degree Felony)** with the Special Allegations: Use of a Deadly Weapon in the Commission of a Felony and Vulnerable Victim; **Second Degree Robbery (As a Second Degree Felony)** with the Special Allegations: Use of a Deadly Weapon in the Commission of a Felony and Vulnerable Victim; **Aggravated Assault (As a Third Degree Felony)** with the Special Allegation Use of a Deadly Weapon in the Commission of a Felony; and **Criminal Trespass (As a Petty Misdemeanor).** Indictment at 1-2.

Defendant filed his Motion to Suppress on February 13, 2020, seeking to suppress "all oral statements made to the Guam Police Department on February 27 to March 1, 2019, and all other evidence derived therefrom." Defendant Frank Joseph Salas Guzman's Motion to Suppress Statements, Derivative Evidence; Memorandum of Points and Authorities ("Mot. to Suppress") at 1. The People filed their opposition on February 27, 2020, arguing Defendant waived his *Miranda* rights and voluntarily gave all statements made those days. The People's Opposition to Defendant's Motion to Suppress Statements and Evidence ("Opposition") at 5-7. The Court held a hearing on the matter, at which point the Court took the matter under advisement. Minute Entry (Nov. 13, 2020).

## FINDINGS OF FACT

On February 19, 2019, Guam police Officers responded to a report of an injured person at the LSP Construction business site in Harmon. Magistrate's Complaint at 6, Mar. 1, 2019. Once on the scene, officers founds Pyung Sik Lee ("Mr. Lee") suffering from numerous stab wounds and head trauma. Id. at 6. Mr. Lee would die from his injuries later that day. Id. at 6.

On February 27, 2019, Defendant was arrested at his home and taken into police custody for questioning. Court Recording ("CR") at 10:27:00 (Nov. 13, 2020). Once inside the police station, Detective Angel Santos advised Defendant of his *Miranda* rights. CR at 10:33:00. Defendant acknowledged and waived his *Miranda* rights, including the right to remain silent and the right to a lawyer before questioning. CR at 10:33:30. Defendant did so in the presence of both Detective Angel Santos and Eric Mondia. CR at 10:34:30. Questioning by Detectives Santos and Mondia commenced, where Defendant gave both oral and written statements confessing to beating and stabbing Mr. Lee. CR at. 10:41:10. The length of questioning was roughly three and a half hours. CR at 10:41:40-10:42:40. Shortly after giving his written confession, Defendant agreed to conduct a video reenactment of the crime, where he walked police through the incident step-by-step as it occurred. CR at 10:37:00.

On March 1, 2019, Defendant was once again questioned by Detectives Santos and Mondia concerning Mr. Lee's murder. CR at 10:45:20. Just like in the first interview, Detective Santos advised Defendant of his *Miranda* rights before questioning began, with Defendant again agreeing to waive these rights. CR at 10:45:30. Defendant gave additional oral and written statements concerning the weapons used and clothing worn during the killing. CR at 10:47:25. The length of questioning was roughly twenty minutes. CR at 10:47:40.

## DISCUSSION

To admit a defendant's confession of a crime at trial, the People must prove, by a preponderance of the evidence, that the defendant's statements were made knowingly, intelligently, and voluntarily. *Lego v. Twomey*, 404 U.S. 477, 489, 92 S. Ct. 619, 626-27, 30 L. Ed. 2d 618 (1972); *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

When applying this constitutional principal, the court's focus is on "whether the defendant's will was overborne by the circumstances surrounding the giving of the confession," a test that "takes into the consideration of the totality of the circumstances – both the characteristics of the accused and the details of the interrogation." *Dickerson v. U.S.*, 530 U.S. 428, 434, 120 S.Ct. 2326, 147 L.Ed.2d 405 (2000) (quoting *Schneckloth v. Bustamonte*, 412 U.S. 218, 226, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973)) (internal quotation marks omitted).

"Each of these factors, in company with all of the surrounding circumstances – the duration and conditions of detention (if the confessor has been detained), the manifest attitude of the police toward him, his physical and mental state, and diverse pressures which sap or sustain his powers of resistance and self-control – is relevant." *Culombe v. Connecticut*, 81 S.Ct. 1860, 1879, 367 U.S. 568, 602 (U.S. 1961). No single factor alone can be dispositive in determining voluntariness of a confession. *Dickerson*, 530 U.S. at 428.

## A.      **Frank Guzman having been read and explained his *Miranda* rights, chose to waive them.**

Procedural safeguards known collectively as *Miranda* rights require that prior to any questioning, the accused "must be warned that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has the right to the presence of an attorney, either retained or appointed." *Miranda*, 384 U.S. at 444. It is a "constitutional rule" that one must be informed of and voluntarily waive these *Miranda* rights before the prosecution may admit statements stemming from custodial interrogations into evidence. *Dickerson*, 530 U.S. at 428. All law enforcement agencies and courts must follow this concrete constitutional guideline as a method of protecting one's Fifth Amendment rights against self-incrimination and preventing government coercion. *Miranda*, 384 U.S. at 457.

Here the Prosecution has presented evidence that immediately prior to both the February 27, 2019 and March 1, 2019 interrogations, Defendant was read and explained his *Miranda* rights, yet chose to waive them. Exhibits 1 and 3 display Custodial Interrogation Forms used by the Guam Police Department. Ex. 1 and 3. These forms list all four *Miranda* rights: "the right to remain silent"; that any statement "can and will be used against you [the defendant] in a court of law"; "the right to talk to a lawyer for advice"; and the right to be "appointed" a lawyer for those who "cannot afford" one. Ex. 1 and 3. Detective Santos advised Defendant of these *Miranda* rights immediately before both interrogations. CR at 10:33:00, 10:45:30. After hearing these rights, Defendant initialed and wrote "yes" besides each right, indicating that he understood each right. Ex. 1 and 3. Furthermore, Defendant signed a waiver of rights located at the bottom of each form, stating he is "willing to make a statement and answer questions." Ex. 1 and 3. Detective Santos witnessed Defendant sign and initial each form, and both forms are filled out in Defendant's handwriting. CR 10:48:10. This evidences a clear waiver of *Miranda* rights.

**B.** **There is nothing to suggest Frank Guzman's waiver of his *Miranda* rights was involuntary.**

Only "voluntary" waivers of *Miranda* rights are valid. *People v. Farata*, 2007 Guam 8 ¶ 46. Voluntariness requires both a "requisite level of comprehension" and an "uncoerced choice". Id. at ¶ 46.

**1.** **Defendant exhibited a requisite level of comprehension, despite his supposed intoxication.**

Defendant claims he was "highly under the influence of substances" that made him "incoherent and gullible" at the time of his interrogations. Mot. to Suppres at 4.

However, the mere fact that a criminal defendant was under the influence of drugs or medication during the interrogation is insufficient to establish a claim of involuntariness. *See Colorado v. Connelly*, 479 U.S. 157, 164-165, 107 S.Ct. 515, 93 L. Ed. 2D 473 (1986) (holding that, while relevant, a mental state that renders the defendant susceptible to police coercion is not dispositive evidence that the defendant's statements to the police were involuntary). A declarant fails to meet the requisite level of comprehension if their statements are not "the product of rational intellect and a free will". *Townsend v. Sain*, 372 U.S. 293, 85 S.Ct.745, 9 L.Ed.2d 770 (1963). While drug-induced delirium may meet this threshold, the defendant must be significantly incapacitated to qualify. *See* Id. at 309 (finding "a drug having the effect of a truth serum'" to meet this test); *See also U.S. v. Turner*, 157 F.3d 552, 556 (8th Cir. 1998) (finding a confession voluntary despite declarant's PCP intoxication, as declarant still understood his rights and knowingly waived them).

There is nothing to suggest Defendant was significantly incapacitated when waiving his *Miranda* rights before either interrogation. Defendant "didn't appear confused at all" during the interrogations, and like the defendant in *Turner*, appeared to "understand everything" that Detective Santos told him. CR at 10:50:20. Defendant displayed clear articulation throughout both interrogations and the video reenactment. Furthermore, Defendant's handwriting was neat and legible when he both filled out his *Miranda* waiver forms and gave his written statements. Ex. 1-4. It is clear that Defendant's intoxication (if any) did not rise to the high level necessary to render his *Miranda* waiver involuntary.

**2.** <u>**Defendant's *Miranda* waiver was not coerced by improper police tactics.**</u>

It is possible for the "details of the interrogation" and improper police tactics to create coercion rendering a *Miranda* waiver involuntary. *Dickerson*, 530 U.S. at 434.

Denial of counsel following a request is one of many such coercive tactics rendering *Miranda* waivers involuntary. *Miranda* 384 U.S. at 444. If the accused "indicates in any manner and at any stage of the process that he wishes to consult with an attorney before speaking there can be no questioning." Id. at 444-445. While Defendant claims he requested and was denied a lawyer, the evidence indicates otherwise. Mot. to Suppress at 4. Detective Santos claims Defendant "never once asked to talk to a lawyer" at either interrogation. CR at 10:49:20. Furthermore, Detectives Santos testified that he would have ceased all questioning if Defendant did ask to speak with a lawyer. CR at 11:07:10. Given that Defendant did not testify otherwise, the court is inclined to believe Detectives Santos when he says Defendant did not request and was not denied counsel during the interrogations.

Length of interrogation is another important factor in the voluntariness analysis of a *Miranda* waiver. *See Doody v. Ryan*, 649 F.3d 986, 1014 (9th Cir. 1996). Exceedingly long interrogations with no breaks place extreme pressure on the accused and may make resistance against a confession impossible. Id. at 1014 (finding a confession received after a 13 hour interrogation involuntary). However, the totality of the circumstances in the present case indicates interrogation length did not impact Defendant's confessions. Neither interrogation lasted more than three and a half hours, well short of the 13 hour precedent in *Doody*. CR at 10:41:40-10:42:40, 10:47:40. The interrogations were also not continuous, with Defendant being given "several smoke breaks" and the opportunity "to call his mother and father" throughout. CR at 11:03:10.

Furthermore, Defendant was offered food, water, and bathroom breaks during the interrogations. CR at 11:01:40, 11:26:10. It is obvious the interrogation lengths did not deny Defendant of any life necessities or make resistance against a confession impossible. Defendant's waiver of *Miranda* rights and subsequent confession were voluntary, and cannot be blamed on improper police tactics.

## CONCLUSION

The Court is convinced, considering the available evidence, that the People have met their burden in showing Defendant's statements were made knowingly, intelligently, and voluntarily. The People established that (1) Defendant read, understood, and waived his *Miranda* rights, and (2) his waiver was made knowingly, intelligently, and voluntarily. With such a showing, The People have met their burden of proof and the statements in question should not be suppressed.

For the reasons stated above, the Court hereby **DENIES** Defendant's Motion to Suppress. The Court shall allow into evidence all oral and written statements Defendant made during the police interrogations on February 27, 2019 and March 1, 2019. The Court will also allow into evidence the video reenactment taken February 27-28, 2019. Evidence derived from these statements, such as blood tests taken from Defendant's clothes will also be admitted accordingly.

Defendant's next court date is a Pre-Trial Conference set for Friday January 8, 2021at 9:00am.

**IT IS SO ORDERED** on this December 16, 2020

SERVICE VIA E-MAIL
I acknowledge that an electronic copy of the original was e-mailed to:

AG, John Terlaje

Date: 12/16/20  Time: 6:00pm .

Antonio C Cruz

Deputy Clerk, Superior Court of Guam

**HONORABLE ALBERTO C. LAMORENA III**
**Presiding Judge, Superior Court of Guam**